# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40750

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2016

Lyle W. Cayce
Clerk

JOHN PATRICK WALLACE,

Plaintiff-Appellant

v.

JOHN A. RUPERT; JOHN WISENER; L. DOTLES; EDWIN ATCHISON; M. FELLNIS,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:15-CV-53

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:*

John Patrick Wallace moves for leave to appeal in forma pauperis (IFP) and for appointment of counsel. Wallace filed a 42 U.S.C. § 1983 action against personnel of the Coffield Unit of the Texas Department of Criminal Justice. He alleged their failure to protect him from harassment by other inmates. The district court dismissed the action as frivolous because it sought to relitigate claims that had been dismissed in 2012 and because it would be untimely in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

any event.  The court also denied Wallace's IFP motion and certified that his appeal was not taken in good faith.

By moving to appeal IFP, Wallace challenges the certification that his appeal is not in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  We may dismiss the appeal if "it is apparent that an appeal would be meritless."  *Baugh*, 117 F.3d at 202 & n.24; *see* 5TH CIR. R. 42.2.

In support of his motion, Wallace asserts that he "re-generated" his prior claims because the 2012 decision "failed to resolve genuine issues of material facts," and because his meritorious claims were wrongly dismissed without an opportunity to litigate them fully.  An IFP complaint may be dismissed as frivolous if it seeks to relitigate claims that have already been litigated unsuccessfully.  *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989).  A showing of new and significant facts or an intervening change in the law might permit relitigation of claims.  *See id.* at 851.  But Wallace makes no effort to make this showing.

Wallace fails to identify any nonfrivolous issue for appeal.  *See Howard*, 707 F.2d at 220.  The IFP motion is DENIED, and the appeal is DISMISSED AS FRIVOLOUS.  *See id.*; *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Wallace's motion to appoint counsel is also DENIED.